Good morning, Your Honors. Vince Branco, Federal Defenders, on behalf of Mr. Torres. In a failure to present an alien case, the government must prove beyond a reasonable doubt that the individual is, in fact, an alien. In this case, there is foundation in the evidence that the person in the car was, in fact, a derivative citizen. This Court must reverse Mr. Torres' conviction because the District Court failed to instruct on this theory of defense. First of all... It was very thin evidence. Well, to obtain an instruction on a theory of defense, the evidence can be weak, insufficient... It has to be more than a mere scintilla, right? Correct. Whatever scintilla is. That's true. What the difference between scintilla... I never had it in law school. What the difference between scintilla and weak, I'm not sure, but clearly this is at least weak evidence, if not strong evidence, that there was a claim to derivative citizenship. For derivative citizenship, the parent of the individual needs to be a U.S. citizen, and there are some residency requirements. Specifically, in this case, it would be present in the United States... Let's focus on what that evidence is. Yes. I mean, you're talking about Mr. Marquez's testimony, I gather? Correct. There's nothing else? No. It's all on Excerpt of Record, page 29. That's the full testimony. He doesn't actually say that his father was a U.S. citizen. He says that he told an immigration inspector that his father was a U.S. citizen, and that there's some evidence of U.S. citizenship. I mean, that's quite different from saying, under oath, my father was a U.S. citizen, or even I think my father was a U.S. citizen. You know, I must confess, I've said many fibs in my life. I told my teacher the dog ate the homework. And I can say that, I can even tell you under oath, I told my 5th grade teacher the dog ate the homework. But that's hardly sufficient proof that the dog ate the homework, right? Yes. However, in this case, the contrary is not true. Meaning, at trial, the individual did not testify, my father's not a U.S. citizen. What he testified to... Well, he also didn't testify he's not a Chinese citizen. Pardon? He also didn't testify he's not a Chinese citizen, or his father wasn't from Mars, or anything else. No. But failure to testify is hardly sufficient evidence. But he did testify that. He told an immigration official. And telling an immigration official that your father is a U.S. citizen, I think, has significant consequences. It's not a statement that would be taken lightly. Is that something for which he could be convicted of perjury if proven to be false? Let's say it turns out that in his pocket he had a certificate from I.N.S. saying, Your father, you know, we've got your inquiry. It turns out your father is certainly not a U.S. citizen. Absolutely, I think that could be something that he could be convicted for perjury. Perjury? I mean, for making a material false statement to an immigration official. But not perjury. The proof that he knew his father was not a U.S. citizen on the day he testified in court, could not establish perjury, proof of a case of perjury against him. I'm really not sure. I mean, it's perfectly possible to say, look, I testify, I told an immigration official I thought my father was a U.S. citizen, and still be firmly convinced that your father is not a U.S. citizen at the time he testified, and you would not be convicted of perjury, could not be convicted of perjury for making that statement. You know, you've used four minutes out of ten, and I hope this isn't your strongest argument. This is my strongest argument, Your Honor. Yes. Well, you're in real trouble then. Why don't you tell your other argument about the lesser-included offense? Your Honor, on the lesser-included offense, for the misdemeanor offense, there is – sorry. I was prepared to try to convince you of the other issue. But in this case – Well, you have four out of ten minutes to do that, and I would suspect you weren't very successful. It doesn't appear so, but – But let's try the lesser-included offense where maybe you do have some possibility. Yes. In this case, Mr. Torres was entitled to a lesser-included offense because he could have been convicted of a misdemeanor without being convicted of the felony, meaning he could not – it is conceivable under the facts of this case that he would not have the intent to violate the immigration laws. There's nothing in the evidence to support that, even if he had knowledge of the individual in the car. Just so I make – we're on the same page. He didn't testify, right? Correct. He did not testify. So there's no evidence as to his state of mind at the time he drove across the border. Correct. And your argument is his state of mind could have been he – here he is across the border. He sees this guy that looks like he's Mexican, right? Correct. But, of course, there are many people of Mexican origin living in the United States legally. So he could have thought here is a guy who is not entitled to be in the U.S. and I'm going to drive him across the border. Or he could have thought this is somebody who is entitled to be in the U.S. and I'm covering him with a blanket and putting him under the seat of the car. Because perhaps there's some other reason that that individual does not want to be presented to the immigration inspectors. For example, if that other individual was on some type of parole or supervised release and didn't want to have – and it was a violation to be in Mexico for him and didn't want to be presented. Let's go along with that. If that is the case, is bringing somebody into the United States with an intent that they not be – I mean, let's say it's a U.S. citizen. Correct. Let's say it's a U.S. citizen and for whatever reason you choose not to present them at the border. You choose to conceal them. Is that not a violation of immigration laws itself? I'm not aware of the specific regulation that that would be a violation of. I mean, you're intending to conceal them from inspection at the border, from inspection by law enforcement officers whose duty it is to protect the border and to keep out people who have all sorts of problems, including presumably arrest warrants against them. It clearly isn't a violation of the offense that Mr. Torres was charged with because that offense requires the element of alienage. So if indeed it was a U.S. citizen that they're trying to conceal, he couldn't have been violating the immigration laws for which he was charged with. And I do believe that the specific intent requirement of immigration laws should be read to be the immigration laws for which they're charged with. I'm sorry. I just want to make sure I understand your argument. What is the statute?  I see. And that's transporting aliens. Aliens. So your position is if he drives across the border thinking this might not be an alien, but he intends to violate immigration laws in some other way, maybe by bringing somebody who is a U.S. citizen across the border without inspection, that would not be an offensory element for the felony under 3234. Correct. And I'm not sure what offense it even would be if there is an offense for just failing to present. Is there any evidence in the record supporting the theory that Mr. Marquez could have been hiding because of a supervised release violation? There's no evidence either way. I submit that it would be the government's obligation to have some evidence that it was not for those reasons. With that, I'd like to reserve the remaining time for rebuttal. Okay. Good morning. May it please the Court. Chris Tenorio for the Appellate United States. Your Honors, there was only one issue in this case, and that was whether or not Mr. Torres knew that there was someone in his vehicle. The very first words out of the defense attorney's mouth in the closing argument was, he's not guilty because he didn't know he was in the vehicle. That was the only theory we relied upon and the only factual dispute. It may be so. Nevertheless, the government has, in a specific intent crime, the government has the responsibility to prove specific intent. Correct. And if you fail to prove specific intent, even by failure to provide sufficient proof, even if there's no evidence on their side, if the jury is not convinced beyond a reasonable doubt on the specific intent element, then they, if they're publicly charged, could find them guilty of a misdemeanor. Right. If they're not charged with the lesser included, then they have a tough choice between saying, we're going to let this guy go, or we're going to convict him of something even though we're not convinced that the specific intent was proved beyond a reasonable doubt. That's the dilemma, isn't it? It is, but in this case, what we have, what was presented at trial was the testimony of the inspector at primary inspection, and what he testified was, I asked Mr. Torres twice, do you have anything to declare, and twice he said no. And I think it's important to note that, one, there's no evidence of him, the alien being on supervised release, but even if it were, and even assuming Mr. Torres was hiding him to help him avoid being found out for a supervised release violation, the moment that the inspector asked him, do you have anything to declare, he intentionally said, I have nothing to declare, and that was an immigration law violation. That was an intentional violation of immigration law. But then you have the argument made by Mr. Branco that you have to have a specific intent that pertains to this particular statute, and the general intent to violate the immigration law is not enough. What do you think of that? The moment that he failed to declare, it can be inferred that that is an intentional violation, a specific intent to violate the immigration law. That might be a reasonable inference, but it's not necessarily the only inference. There's no evidence either way as to intent. We have to infer one way or another. And all that your opponent's asking is tell the jury that if they infer the way you suggest, they convict him of a felony. If they don't make that inference, they convict him of a misdemeanor. Well, in order to receive the misdemeanor, there had to be some factual dispute. These facts were not disputed at trial. Well, no facts were disputed. You're asking the jury to draw an inference from some facts, and they're asking the jury not to draw that inference. Right. But the issue is not... But there's evidence. I mean, the facts support either theory. Well, I would disagree. I think that it's not reasonable to think that the jury can find, one, that the alien was hidden and that he failed to declare that alien and not find that he intentionally violated the immigration law. Excuse me, just for a point of clarification. The failure to declare the person in the vehicle, is that a violation of immigration law or of customs law under Title 19? Well, I believe it is a violation of the immigration... Well, it might be customs or immigration. I don't recall exactly, but I think it is a Title 8 violation, and if I'm not mistaken, it's Section 545, which would be a failure to declare contraband, whether that be human cigars, marijuana, or a person. If it's an alien. I'm sorry? If it's an alien. If it's an alien. Yes. Well, no, even if it's a person, I believe you're right, because what he's not doing is submitting a person for admission into the United States, and that is the immigration offense. So, based on the facts... So, if you're a U.S. citizen and you decide to sneak into the United States for whatever reason, you're committing an immigration violation? Absolutely, because you're not being duly admitted by an immigration official. You say absolutely? Yes. Well, if you were coming in from a foreign country, if you're not admitted, and it's a legal fiction, of course, because someone comes in and there's not a blessing or whatever, but it needs to be... No, no, I understand the fiction of entry. Believe me, I know it well from other cases. But, again, I just don't know the answer to this. So, what you're telling me is that if you are a U.S. citizen and you're in Canada, and you wander across the border, I don't mean wander in the sense that you sort of go through the woods and come into the United States, but you see the inspection station and you say, aha, I'm going to sneak around and avoid because I don't like guys in uniforms. I believe that's true. I believe that's true, and we can see as examples, even something as meaningless as fruit from another state being brought into here. Well, no, but see, fruit is different from people. Then you're getting into what Eji Kudo was referring to, which is customs law, and, of course, if you take an apple into Canada and then try to bring it back, then you're bringing fruit to the United States, even though it came from Washington State. That's right, and that's a good point, and going more specifically to your question. But let's look at the statute. Do you have it in front of you? I do. Okay, and just make sure we're on the same page. This is 1324A2? A2. A2A would be the misdemeanor, and A2B would be the felony. Right, so the mens rea element we're going to have to get out of, the specific intent element we're going to have to get out of too, right? Correct. So it says, any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization. Okay, so if this guy is a citizen, let's say a defendant thinks, what I'm doing here is hiding a U.S. citizen who is hiding under police. That would not satisfy this, okay? So I think Mr. Branco is right, don't you think? Well, I think it's correct that, no, you cannot be convicted under this statute for bringing in a U.S. citizen. I think that's correct. But more specifically, if you think it's a U.S. citizen, falsely, so let's say this is an alien, but you believe this to be a U.S. citizen who is hiding from the police in order to evade detection because of a warrant. Correct. That would not satisfy the mens rea element, the specific intent element of this statute. Unless we could show that it was reckless disregard, in other words, willful blindness. But the fact that the alien has not received, that's not what he's, in his mind, this is a U.S. citizen, and he's concealing a different fact, a different crime. Then conceivably that's correct. He would not be convicted under that. So what do you do with the government's burden of proof? The defendant is not required to put on the defense at all. Absolutely. But the only facts presented here was that he was an alien. He admitted he was an alien. That's consistent with two possible hypotheses, that he is an alien and the driver knows him to be an alien or is reckless about that, and it's also possible, consistent, entirely consistent with the hypothesis that the guy thinks the guy is not an alien, is a U.S. citizen, and is conceiving for some other reason. And that's when he comes to the point where he fails to declare him, and that's the intent. I think if he was bringing him, he thought he was an alien on supervised release, and he says, I'm intending to bring him across so they're not going to catch him for the violation. That's all well and good. Was there a request for this instruction below? Yes, there was, wasn't there? I'm getting confused with the driver. Yes, yes, it was. And the court held that there was no factual dispute. In other words, if the jury found that he knew the person was in the car and he intentionally failed to present him for inspection, then there's no way he could have been found guilty of the misdemeanor and not the felony. No, it's in situations like that where it behooves the government to say, Your Honor, just give the instructions and don't give the Ninth Circuit the chance to reverse. I understand, and I think in this case, but in this case, I think it's also avoiding the issue that a jury may decide, well, let's give him a break and give him a misdemeanor for no other reason than sympathy. You know, the government is always telling us we should presume that the jurors follow instructions. Well, in most cases, but this is also where there was no factual basis for it. It could have been confusing, too. I see that I'm almost out of time. The final point is that if he intended to bring him in for a different reason other than an immigration violation, it was compounded by the intentional immigration violation at the moment he failed to declare his presence in the car. And with that, we'll see you next time. Thank you. Thank you. I'd just like to clarify one thing. The statute that the government just mentioned, the 545, it is my belief that it's 18 U.S.C. 545, and it is indeed a custom statute and not an immigration statute. So unless there's any further questions, I'll submit. All right. Thank you, counsel. The case just argued will be submitted. The next case on the calendar for argument is Walton v. Allstate Insurance.
judges: Reinhardt, Kozinski, Ikuta